# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) | |
| Plaintiff, ) | Case No. 10-01085-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| K.R., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case comes before the Court by the Plaintiff State Farm Fire and Casualty Company's ("State Farm") Complaint for Declaratory Judgment. Doc. 1. Now pending before the Court is the Defendants K.R., S.R., T.J. and A.F.'s ("the State Court Plaintiffs") Motion to dismiss. Doc. 3. The Court has reviewed this Motion in conjunction with State Farm's Suggestions in Opposition and the State Court Plaintiffs' Reply. Docs. 4-5. For the reasons discussed herein, this Motion is DENIED and the case is STAYED.

## Background

On August 27, 2010, the State Court Plaintiffs filed suit against Anna Myers—an unserved defendant in this action—in the Circuit Court of Clay County, Missouri. Doc. 1-1. The state court action alleges that Ms. Myers operated a daycare in Gladstone, Missouri and negligently allowed the State Court Plaintiffs to be "abused sexually by a third party." *Id.* at ¶¶ 16, 27, 36, 45. Upon review of the state court docket, it appears that this case proceeded to a bench trial and is currently under advisement.

On November 1, 2010, State Farm filed the instant case seeking a judicial declaration that it "has no obligation nor duty to indemnify defendant Anna Myers for damages which may be

awarded to [the State Court Plaintiffs]…[and] that there was no policy in effect issued by…State Farm…to or for the benefit of defendant Anna Myers prior to July 5, 2007 regarding the claims asserted [by the State Court Plaintiffs]. Doc. 1 at 10. State Farm cites a homeowner's policy issued to Ms. Myers and her husband which it alleges excludes these types of claims from coverage on several grounds. However, State Farm did offer to defend the state court action with a reservation of rights, but Ms. Myers "refused to accept" this offer. *Id.* at 7.

## Standard

"Upon the filing of an appropriate pleading, [a federal court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has recognized that the Declaratory Judgment Act is explicitly discretionary, noting that Congress "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls, Co.,* 515 U.S. 277, 288 (1995). *Wilton* directs the Court to apply the standard from *Brillhart v. Excess Insurance Company of America* to determine whether to hear a declaratory judgment action with a parallel state court case. *Id.* at 289, 316 U.S. 491 (1942). *Brillhart* instructs the Court to consider

> "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc."

*Brillhart,* 316 U.S. at 495. *Brillhart* makes clear that this is not a "comprehensive enumeration" of the relevant factors to be considered. *Id.* This discretionary abstention rule is in contrast to the "virtually unflagging obligation" federal courts have "to exercise jurisdiction given them" in

non-declaratory judgment cases. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).

Under Missouri law, a party with an unsatisfied judgment 30 days after entry "may proceed in equity against the defendant and the insurance company to reach and apply the insurance money." Mo. Rev. Stat. § 379.200. In order to win an equitable garnishment action, the judgment creditor must show a judgment for an injury covered by an insurance policy which was in effect at the relevant time. *Wilson v. Traders Ins. Co.,* 98 S.W. 3d 608, 612 (Mo. Ct. App. 2003). In defense of equitable garnishment, an insurance company is entitled to "assert any defense against the injured person that it might have asserted as a defense in an action brought against it by its assured." *Johnston v. Sweany,* 68 S.W. 3d 398, 401 (Mo. 2002).

**Discussion**

State Farm is not a party to the state court action, nor is it otherwise involved due to Ms. Myers's rejection of its offered defense. Furthermore, the case has not proceeded to equitable garnishment because no judgment has been entered against Ms. Myers.[1] State Farm argues that its choice of forum should trump a possible future state equitable garnishment action. *Brillhart* seems to apply only when the "questions in controversy" may be resolved by a "proceeding *pending* in state court." *Brillhart,* 316 U.S. at 495 (emphasis added). This is not the case here, because State Farm is not a party to the state court action and thus the issues of whether or not its coverage applies are not pending in that case. A judge of this district faced a similar situation in *Deerbrook Insurance Company v. Rusher*. No. 4-02-00779-W-RED, 2003 WL 21230390 (W.D. Mo. Jan. 24, 2003). In *Deerbrook*, the federal declaratory judgment action was filed *after* the resolution of a state court personal injury action, but *before* the judgment was final and *before*

---

[1] The Court does not mean to suggest that any judgment will be entered. If the case is decided in her favor, the question of State Farm's obligations is moot.

equitable garnishment was initiated. *Id.* at *1. Ultimately, Judge Dorr dismissed the federal action, finding that "the fact that the instant action was filed prior to Rusher's equitable garnishment action is of no importance." *Id.* at *3. So while the Court does not have any reason to abstain from hearing this case right now, any of the three possible resolutions of the state court action will lead the Court to abstain. Either the issue of State Farm's obligations will be mooted by a defense verdict or by Ms. Myers's full satisfaction of any judgment against her or the Court will defer to the state court equitable garnishment action in the interest of comity and judicial economy under *Deerbrook*. Though abstention is not available at this time, judicial economy suggests that a stay is appropriate. The State Court Plaintiffs' Motion to dismiss is DENIED. All deadlines in this case are STAYED. On or before April 8, 2011 and every 60 days thereafter, the parties shall file a joint status report informing the Court of the status of the state court action.

**IT IS SO ORDERED**

Dated: February 8, 2011                      /s/ Greg Kays
                                                                  GREG KAYS,
                                                                  UNITED STATES DISTRICT JUDGE